IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NISAIAH J. PERRY,<br>Petitioner,<br>vs.<br>G. SWARTHOUT, et al.,<br>Respondent. | No. C 10-5798 JSW (PR)<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>(Docket Nos. 5 & 6) |

**INTRODUCTION**

Petitioner, a prisoner of the State of California, has filed a habeas corpus petition pursuant to 28 U.S.C. § 2254. Respondent filed a motion to dismiss the petition as untimely on June 19, 2009. Petitioner has filed an opposition to the motion, and Respondent has filed a reply brief. This order grants the motion to dismiss the petition as untimely.

**BACKGROUND**

On July 13, 2004, Petitioner pled guilty to charges in three pending criminal cases in Alameda County Superior Court. Based on his guilty plea, he was sentenced to a term of 19 years and 4 months in state prison. Petitioner did not file a direct appeal. On May 5, 2010, he filed a petition for a writ of habeas corpus in the California Supreme Court. On December 21, 2010, he filed the instant petition, and it is deemed filed on December

14, 2010.[1]

**DISCUSSION**

Respondent moves to dismiss the petition as untimely. Under the Antiterrorism and Effective Death Penalty Act (AEDPA), petitions filed by prisoners challenging non-capital state convictions or sentences now must ordinarily be filed within one year from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). If a petitioner could have sought review by the state court of appeals or the state supreme court, but did not, the limitation period will begin running against him the day after the date on which the time to seek such review expired. *See Smith v. Duncan*, 297 F.3d 809, 812-13 (9th Cir. 2002). Here, Petitioner's "time for seeking direct review" under 28 U.S.C. § 2244(d)(1)(A) expired on November 13, 2004, 60 days after his sentencing. *See* Cal. Rule of Court 8.308(a) (providing that appeal from criminal judgment must be filed within sixty days after rendition of judgment or making of order being appealed) (formerly Cal. Rule of Court 31). Under Section 2244(d)(1)(A), the one-year limitations period expired at the latest, one year later, on November 13, 2005. The instant petition was not filed for over 5 more years. Consequently, absent an exception to the ordinary rule or tolling, the instant petition is untimely.

The one-year statute of limitations is tolled under § 2244(d)(2) for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *See* 28 U.S.C. § 2244(d)(2). Petitioner's state collateral challenge does not toll AEDPA's limitations period under § 2244(d)(2) because it was filed in May 2010, long after the limitations period had expired. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003)

---

[1]Under the "mail box rule," a pro se petitioner's federal petition may be considered "filed" on the day it was signed and presumably given to prison authorities for mailing. *See generally Houston v. Lack*, 487 U.S. 266, 276 (1988).

(holding that once AEDPA's limitations period has run, a state habeas petition cannot revive it). Therefore, Petitioner is not entitled to tolling of the limitations period under § 2244(d)(2).

Petitioner argues that the petition should be deemed timely because Respondent has not shown prejudice from the delay. As discussed above, the standard for determining the timeliness of the petition is not whether or not Respondent has been prejudiced. Nor is it the standard for equitable tolling of the limitations period. *See Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (equitable tolling available if petitioner shows diligence and some extraordinary circumstance stood in his way and prevented timely filing). Indeed, Petitioner presents no grounds for equitable tolling.

Petitioner argues that the commencement of the limitations period should be delayed because he was unaware of his claim until the United States Supreme Court's decision *Cunningham v. California*, 549 U.S. 270 (2007). Under section 2244(d)(1)(C), the limitations period may commence on "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." The Ninth Circuit has determined that *Cunningham* did not create a new right, however, but rather was simply a specific application of the right established in *Blakely v. Washington*, 542 U.S. 296, 303-04 (2004). *Butler v. Curry*, 528 F.3d 624, 639 (9th Cir. 2008). Consequently, the commencement of the limitations period may not be delayed until 2007 under Section 2244(d)(1)(C). *Cf. Wright v. Dexter*, 546 F.3d 1096, 1097 (9th Cir. 2008) (successive petition may not be based upon *Cunningham* because it did not create new rule). In any event, as *Cunningham* was decided in 2007, a limitations period starting then would have expired long before Petitioner filed a state petition in 2010.

As the petition is untimely, and there is no basis for tolling or delaying the limitations period, Respondent's motion to dismiss must be granted.

**CONCLUSION**

Respondent's motion to dismiss the petition as untimely is GRANTED (docket no. 5). The petition for writ of habeas corpus is DISMISSED. Petitioner's motion for an extension of time is DENIED as moot (docket no. 6).

Rule 11(a) of the Rules Governing Section 2254 Cases now requires a district court to rule on whether a petitioner is entitled to a certificate of appealability in the same order in which the petition is denied. Petitioner has failed to make a substantial showing that a reasonable jurist would find the dismissal of his petition debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Consequently, no certificate of appealability is warranted in this case.

The Clerk shall close the file and enter judgment.

IT IS SO ORDERED.

DATED: December 12, 2011

JEFFREY S. WHITE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

NISAIAH J PERRY,

Plaintiff,

v.

G SWARTHOUT et al,

Defendant.
_______________________________________/

Case Number: CV10-05798 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 12, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Nisaiah J. Perry V-53461
H.D.S.P.
P.O. Box 3030
Susanville, CA 96127

Dated: December 12, 2011

Jennifer Ottolini
Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk